**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **CONROY LECELL MARTIN,**  Petitioner,  v.  **DEPARTMENT OF HOMELAND SECURITY,**  Respondent. | Civil Action No. 19cv332(RMB)  OPINION |

**BUMB,** United States District Court

    Petitioner Conroy Lecell Martin is a prisoner confined in Southern State Correctional Facility in Delmont, New Jersey. Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging an immigration hold/detainer and seeking a transfer to federal custody for immigration proceedings but he did not pay the filing fee. (Pet., ECF No. 1.) Petitioner has now paid the filing fee[1] and the Court will reopen this matter.

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly

---

[1] Petitioner also submitted an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (IFP App., ECF No. 3.) Because Petitioner has paid the filing fee, his IFP application is moot.

examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."

For the reasons discussed below, the Court will dismiss the petition under § 2241 for lack of jurisdiction.

I. THE PETITION

Petitioner is serving a sentence imposed by the New Jersey Superior Court, Burlington County on September 21, 2018. (Pet., ECF No. 1, ¶4.) Petitioner states,

> I am being held on an immigration hold. And am seeking to proceed with this matter as soon as possible. In accordance with my rights under the U.S. Constitution and laws of the United States of America. Also to be bonded or ROR, while proceeding with this immigration process.

(Id., ¶11.) In Ground One of the petition Petitioner asserts:

> Under USCS Title 28 USC 2255 I wish to challenge my immigration hold/detainer and be placed in Federal custody to proceed with any and all legal proceedings referring to my immigration case #.

(Id., ¶13.)

II. DISCUSSION

"Section 2241 'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging ... the execution of his sentence.'" Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (quoting Woodall v. Fed. Bureau of

Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citation omitted). Thus, "a challenge under § 2241 must be to the manner in which the sentence is being 'put into effect' or 'carr[ied] out.'" Id. (quoting Woodall, 432 F.3d at 242–43).

"Filing a detainer is an informal procedure in which [ICE] informs prison officials that a person is subject to deportation and requests that officials give the [ICE] notice of the person's death, impending release, or transfer to another institution." Zolicoffer v. U.S. Dept. of Justice, 315 F.3d 538, 540 (5th Cir. 2003) (quoting Giddings v. Chandler, 979 F.2d 1104, 1105 n. 3 (5th Cir. 1992.) Petitioner is not in custody pursuant to an immigration hold/detainer, he is serving a state sentence. See Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (federal prisoner serving federal criminal sentence was not in custody pursuant to immigration detainer). Therefore, Petitioner may not seek relief from the immigration detainer under § 2241. Mundo-Violante, 654 F. App'x 49, 51 (3d Cir. 2016).

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the § 2241 petition for lack of jurisdiction.


Date: May 3, 2019

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **UNITED STATES DISTRICT JUDGE**